Duncan, J.
By the ninth section of the act passed the 15th of March 1832, (Acts of 1831-2, ch. 22. p. 22. Suppl. to Rev. Code, ch. 187. p. 247.) free negroes and mulattoes committing simple larceny to the value of 20 dollars or less, are to be tried and punished in the same manner as slaves are directed to be tried and punished by the fifth section of the act passed the 12th of February 1828 (Acts of 1827-8, ch. 37. p. 30. Suppl. to Rev. Code, ch. 183. p. 242). The mode of trial, and the nature of the punishment, of free negroes and mu *844 lattoes for simple larceny to the value of 20 dollars or are made referable to and governed by the 5th section of the last mentioned statute. That section is in these words : “If any slave shall hereafter commit simple larceny of any money &c. of the value of twenty dollars or less, he or she, for every such offence, shall and may be tried by any justice of the peace of the county or corporation in which the same was committed, and upon conviction thereof shall be punished, by order of the justice, by stripes, not exceeding thirty-nine, and if acquitted, the acquittal shall be final.”
The legislature having therefore, by the 9th section of the act of 1832, placed the trial and punishment of free negroes and mulattoes for simple larceny to the value of 20 dollars or less, upon the same footing with the trial and punishment of slaves for the same offence; and as the trial of a slave for such offence is by-a justice of the peace, and the punishment is by stripes; it follows, that a free negro or mulatto must be tried in the same way, and punished in the same manner; and consequently the justices of the peace of Accomac county-, sitting as a court of oyer and terminer, had not jurisdiction to try the prisoner for the offence with' which she was charged.
And the court being of opinion, that although a writ of error will not lie from this court to the judgment of a court of oyer and terminer, to correct an error of such court in a matter of which it could lawfully take cognizance, yet that in a case clearly not within the jurisdiction of such court, it is in the power of this court to discharge a prisoner who may be imprisoned by its judgment; and being also of opinion, for the reasons aforesaid, that this prisoner is unlawfully detained in custody by the keeper of the public jail and penitentiary, in virtue of the said judgment of the court of oyer and terminer of the county of Accomac;
It is therefore ordered that she be discharged.